IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | |
|---|---|
| JAMELL JACKSON, ) | |
| ) | |
| Plaintiff ) | 1:25-CV-00128-RAL |
| ) | |
| vs. ) | RICHARD A. LANZILLO |
| ) | Chief United States Magistrate Judge |
| MRS. DEPLATCHETT, ) | |
| ) | MEMORANDUM ORDER ON |
| Defendant ) | PLAINTIFF'S MOTION FOR |
| ) | PRELMINARY INJUNCTIVE RELIEF |
| ) | |
| ) | IN RE: ECF NO. 11 |
| ) | |

Plaintiff Jamell Jackson is an individual previously in the custody of the Pennsylvania Department of Corrections ("DOC") at its State Correctional Institution at Albion ("SCI Albion"). He commenced this pro se civil rights action against Defendant DePlatchett, a unit manager at SCI Albion. Pending before the Court is the Plaintiff's Motion for Preliminary Injunction.[1] *See* ECF No. 11. Because Plaintiff is no longer incarcerated and DePlatchett cannot effectuate any equitable relief the Court may order, his motion will be denied as moot.

I.   Background

Plaintiff's Complaint alleges that sometime between February and March, 2024, Plaintiff was using the prison bathroom facilities when DePlatchett exposed his naked body and make inappropriate comments about his physical appearance.

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge in these proceedings pursuant to 28 U.S.C. § 636.

ECF No. 9, p. 11. He claims that DePlatchett's conduct constituted sexual harassment, and he seeks compensatory and punitive damages and equitable relief against her. *Id.* Plaintiff's Motion for Preliminary Injunction requests (1) a declaration that DePlatchett violated his constitutional rights; (2) an order directing DePlatchett to stop retaliatory measures against him; (3) an order directing the Pennsylvania Board of Parole to grant him a rehearing; and (4) an order directing DePlatchett to pay his Court costs. ECF No. 11, pp. 7-9.

Two months after Plaintiff filed his motion, he filed a notification of change of address indicating that he has been released from SCI Albion and the custody of the Pennsylvania Department of Corrections. ECF No. 12.

II.   Standard of Review

Preliminary injunctive relief is "an extraordinary remedy" that "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). In evaluating a motion for a temporary restraining order or preliminary injunctive relief, a court considers: (1) whether the movant is reasonably likely to success on the merits; (2) whether the movant is more likely than not to suffer irreparable harm absent preliminary relief; (3) whether the balance of equities favors granting relief; and (4) whether injunctive relief is in the public interest. *Schrader v. DA of York Cnty.*, 74 F.4th 120, 126 (3d Cir. 2023) (citing *Winter v. NRDC*, 555 U.S. 7, 20 (2008)). A court should not grant relief "unless the movant, by a clear showing, carries the burden of persuasion."

*Holland v. Rosen*, 895 F.3d 272, 285 (3d Cir. 2018) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)).

III.  Analysis and Discussion

Plaintiff's motion is moot to the extent he seeks injunctive relief against DePlanchett, a prison official who no longer exercises control over him or his conditions of confinement. *See Abdul–Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993); *Fortes v. Harding*, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998); *Marrie v. Nickels*, 70 F. Supp. 2d 1252, 1259 (D. Kan. 1999) ("Generally, an inmate's transfer to another prison or release moots his request for declaratory or injunctive relief.") (collecting cases). To the extent Plaintiff seeks injunctive relief against the Pennsylvania Parole Board, his motion also fails because because the Board is not a party to his lawsuit. *See Peterkin v. McIntyre*, 2025 WL 3295527, at *2 (D.N.J. Nov. 26, 2025). *See also Kramer v. City of New Kensington*, 2014 WL 5464848, at *3 (W.D. Pa. Oct. 27, 2014) ("The general rule is that a court may not enter an injunction against a person who has not been made a party to the case before it.") (citation modified).

IV.  Conclusion and Order

Because Plaintiff has failed to demonstrate any entitlement to preliminary injunctive relief, it is hereby ORDERED that Plaintiff's motion for Preliminary Injunction (ECF No. 11). is DENIED.

DATED this 26th day of January, 2026.

                    BY THE COURT:

                    _____
                    RICHARD A. LANZILLO
                    CHIEF UNITED STATES MAGISTRATE JUDGE

4