IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DIVISION

| | | |
|---|---|---|
| JAMELL JACKSON, | ) | |
| | ) | |
| Plaintiff | ) | 1:25-CV-00128-RAL |
| | ) | |
| vs. | ) | RICHARD A. LANZILLO |
| | ) | Chief United States Magistrate Judge |
| MRS. DEPLATCHETT, | ) | |
| | ) | MEMORANDUM OPINION ON MOTION TO DISMISS |
| Defendant | ) | |
| | ) | IN RE: ECF NO. 19 |
| | ) | |

## I. Introduction

At the time he filed his Complaint, Plaintiff Jamell Jackson ("Jackson" or "Plaintiff"), was incarcerated at the State Correctional Institution at Albion ("SCI-Albion"). Proceeding pro se, he brings this civil rights action under 42 U.S.C. § 1983 against Jennifer Deplatchett, a unit manager at SCI-Albion. Construed liberally, the Complaint alleges that Deplatchett subjected Plaintiff to sexual harassment during a single encounter in early 2024 and later caused, or contributed to, the denial of his parole. The Complaint invokes the First, Fourth, Eighth, and Fourteenth Amendments and seeks money damages, a new parole hearing, and release on parole.

Deplatchett has moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6). ECF No. 19. Jackson did not respond to the motion. The Court twice directed him to do so, first by order dated January 27, 2026 (ECF No. 26), and

again by an order to show cause dated July 10, 2026 (ECF No. 27) warning him that continued inaction could result in dismissal. Jackson has ignored both orders and has had no contact with the Court since February 25, 2026 (ECF No. 25) (correspondence regarding change of address). For the following reasons, the motion to dismiss will be granted, and the Complaint dismissed with prejudice.[1]

## II. Background

### A. Factual Allegations

The following facts are taken from the Complaint and its attached exhibits and are accepted as true for purposes of Deplatchett's motion. During Jackson's incarceration at SCI-Albion, Deplatchett served as the unit manager of the E-A housing block. Jackson alleges that on an unspecified morning between January and March 2024, Deplatchett opened his cell door while he was using the toilet, stared at him, and made degrading remarks about his body. He further alleges that she left the door open so that other inmates could see him unclothed and that she laughed as she walked away. Jackson describes the incident as a single occurrence of voyeurism. He does not allege any physical contact.

Jackson submitted complaints under the Prison Rape Elimination Act, but no corrective action followed. He later declined to attend a parole staffing session at which Deplatchett would be present. Deplatchett threatened to interfere with his parole and other staff transferred him to a different housing assignment. The Pennsylvania Parole Board denied Jackson parole in April 2024 and again in

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge under 28 U.S.C. § 636.

November 2024. As reflected in the notices Jackson attaches to the Complaint, the Board relied on factors including his institutional conduct and reported misconducts, a negative recommendation from the Department of Corrections, a negative recommendation from the prosecuting attorney, his refusal to participate in the Department's staffing process, and assessments of his risk to the community. Jackson contends that the denial of parole flowed from Deplatchett's retaliation and from a conflict of interest, and he seeks damages, a new parole hearing, and release.

B. Procedural History

The Court granted Jackson leave to proceed in forma pauperis, and his Complaint was docketed on October 24, 2025. ECF Nos. 7, 8. The Court denied Jackson's separately filed motion for a preliminary injunction by order dated January 26, 2026. ECF No. 22. Deplatchett moved to dismiss the Complaint on January 23, 2026. ECF No. 19. The Court ordered Jackson to file a response by February 17, 2026. ECF No. 23. And when he failed to respond, the Court issued an order to show cause directing him to explain his noncompliance or, in the alternative, to respond by a further extended deadline. ECF No. 27. Jackson has filed nothing further.

III. Standard of Review

A. Rule 12(b)(6)

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007)). A claim is plausible when the pleaded facts permit the reasonable inference that the defendant is liable for the misconduct alleged. Id. The Court accepts well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, but it disregards legal conclusions and threadbare recitals of the elements of a claim supported only by conclusory statements. *Id.*; *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

Because Jackson proceeds pro se, the Court construes his submissions liberally and holds them to less stringent standards than pleadings drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Liberal construction does not, however, relieve a pro se plaintiff of the obligation to plead facts sufficient to state a cognizable claim. *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013).

B. Failure to Prosecute

A district court may dismiss an action, sua sponte, when a plaintiff fails to prosecute it or to comply with the court's orders. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Before dismissing on that ground, the Court weighs the six factors identified in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984): (1) the extent of the party's personal responsibility; (2) prejudice to the adversary; (3) any history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim. No single factor is dispositive, and not all the

factors need weigh in favor of dismissal for it to be warranted. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992).

IV. Dismissal Is Warranted for Failure to Prosecute

Because Jackson has not responded to the motion despite the Court's order directing a response and order to show cause, the Court first considers whether the action should be dismissed for failure to prosecute. The *Poulis* factors, on balance, support dismissal.

The first factor supports dismissal. Jackson proceeds pro se, so the failure to respond and to comply with the Court's orders is attributable to him alone. The second factor also favors dismissal. Jackson's inaction has stalled the litigation entirely and deprived Deplatchett of any opportunity to resolve the claims against her, and a plaintiff's refusal to advance his own case works prejudice by leaving the defendant to shoulder an open, unresolved matter. The third and fourth factors are satisfied as well: Jackson has ignored two successive orders, including one that expressly warned of dismissal, and his sustained silence in the face of that warning reflects willful abandonment rather than mere inadvertence.

The fifth factor likewise supports dismissal. Jackson proceeds in forma pauperis, so monetary sanctions would be ineffective, and because he has severed all communication with the Court, there is no reason to expect that any sanction short of dismissal would prompt his compliance. As to the sixth factor, and for the reasons *infra.*, Jackson's claims lack merit under the governing standard. The *Poulis* factors thus weigh in favor of dismissal.

But the Court does not rest the disposition on Jackson's failure to respond alone. A motion to dismiss may not be granted merely because it is unopposed; the Court must satisfy itself that the complaint fails to state a claim. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991); *Harris v. Officer Steele*, 2026 WL 1485255, at *1 (W.D. Pa. Apr. 21, 2026) (citing *Stackhouse*), *report and recommendation adopted sub nom. Harris v. Steele*, 2026 WL 1484048 (W.D. Pa. May 27, 2026). The Court therefore turns to the merits.

V. The Complaint Fails to State a Claim

Setting aside Jackson's failure to prosecute, each claim fails as a matter of law.

A. Official-Capacity Claims Are Barred.

To the extent Jackson sues Deplatchett in her official capacity for damages, the claim is barred. A suit against a state official in her official capacity is treated as a suit against the Commonwealth, which is not a "person" subject to suit for damages under § 1983 and is protected by Eleventh Amendment immunity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989); *Hafer v. Melo*, 502 U.S. 21, 25-27 (1991). Pennsylvania has not waived that immunity, and § 1983 did not abrogate it. 42 Pa. C.S. § 8521(b); *Lavia v. Pennsylvania Department of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000); Brown v. Swartz, 2026 WL 2271737, at *3 (M.D. Pa. Aug. 6, 2026) (citing Lavia). The official-capacity claims for damages are dismissed.

B. Fourth Amendment

Jackson's Fourth Amendment claim does not arise from a search of his cell but from Deplatchett's alleged viewing of his unclothed body. The distinction matters. A

prisoner has no reasonable expectation of privacy in his cell against searches and seizures of property. *Hudson v. Palmer,* 468 U.S. 517, 525-26 (1984); *Brown v. Harry*, 2026 WL 1678892, at *6 (W.D. Pa. June 10, 2026) (citing *Hudson*). But a prisoner does retain a limited Fourth Amendment right to bodily privacy, one that must be balanced against the institution's legitimate penological interests. *Doe v. Luzerne County*, 660 F.3d 169, 176-77 (3d Cir. 2011); *Parkell v. Danberg*, 833 F.3d 313, 324-25 (3d Cir. 2016).

That right is a narrow one, however. *Harold v. McCray*, 2018 WL 324716, at *2 (D.N.J. Jan. 8, 2018) (citing *Parkell*, 833 F.3d at 325). Put simply, an isolated or momentary exposure of an inmate to view, including view by an officer of the opposite sex, does not offend the Fourth Amendment. See, e.g., Jones v. Lawry, 2019 WL 2482361, at *7 (W.D. Mich. June 14, 2019) ("In contrast, accidental viewing of a prisoner's naked body by a prison guard of the opposite sex is not a constitutional violation."); *see also Bracey v. Price*, 2012 WL 6015727, at *17 (W.D. Pa. Dec. 3, 2012) ("Occasional viewing of inmates while showering or using toilet facilities has been held to be appropriately within the parameters of maintaining institutional security and therefore, constitutional."); *Ferrell v. Rusnak*, 2020 WL 1472906, at *2, (E.D. Cal. Mar. 26, 2020) ("[T]here is no law suggesting an isolated incident of such exposure, without more, amounts to a violation of the Constitution.").

Jackson alleges a single episode. Even accepting that Deplatchett opened his door and viewed him while he used the toilet, and even crediting his allegation that she made degrading remarks, a lone incident of this kind does not state a Fourth

Amendment violation. *See, e.g.*, *Harold*, 2018 WL 324716, at *2 ("Plaintiff only alleges one instance of alleged harassment. He has therefore not sufficiently pled a federal constitutional violation."). The Fourth Amendment claim will be dismissed.

C. Eighth Amendment

The Eighth Amendment protects prisoners from sexual abuse at the hands of prison officials. *Ricks v. Shover*, 891 F.3d 468, 473-75 (3d Cir. 2018). A claim of that kind has an objective and a subjective component. The objective component asks whether the alleged conduct was sufficiently serious, that is, incompatible with contemporary standards of decency, and courts consider the scope of the conduct, whether it served any legitimate penological purpose, and whether it caused injury. *Id.*; *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Here, the Plaintiff's allegations do not clear the objective threshold. He alleges no physical contact of any kind. Verbal harassment, including lewd, offensive, or degrading remarks unaccompanied by physical contact, does not by itself amount to cruel and unusual punishment. *See, e.g.*, *Perez v. Harry*, 2026 WL 27578, at *4 (M.D. Pa. Jan. 5, 2026). The remaining conduct Jackson describes, a single instance of staring and momentary exposure to the view of others, may be unprofessional, but a lone episode of that character does not amount to an Eighth Amendment violation under *Ricks*. *See id.* To the extent Jackson grounds this claim in the Prison Rape Elimination Act, that statute does not create a private right of action. *Bowens v. Emps. of the Dep't of Corr.*, 2016 WL 3269580, at *3 (E.D. Pa. June 15, 2016), *aff'd*,

*Bowens v. Wetzel*, 674 Fed. Appx 133, 137 (3d Cir. 2017). The Eighth Amendment claim will be dismissed.

D. First Amendment Retaliation

To state a retaliation claim, a prisoner must allege that he engaged in constitutionally protected conduct, that an adverse action sufficient to deter a person of ordinary firmness was taken against him, and that his protected conduct was a substantial or motivating factor in that action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). The filing of a grievance is protected conduct, and the Court assumes Jackson's PREA complaint also qualifies.

The claim still fails on causation and personal involvement. A defendant is liable under § 1983 only for her own conduct, and liability requires personal involvement in the alleged wrong. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). The parole decisions of which Jackson complains were made not by Deplatchett but by the Pennsylvania Parole Board, an independent body, and the Board's stated reasons rest on factors attributable to multiple actors, including the Department of Corrections, the prosecuting attorney, and Jackson's own institutional record and his refusal to attend staffing. Jackson's assertion that Deplatchett engineered the denial is speculative and conclusory, and the April 2024 denial predates the events on which his retaliation theory depends.

The alleged housing transfer, standing alone, is not an adverse action of constitutional dimension. "[I]t is also well established that mere transfer to a less desirable cell does not constitute an adverse action for the purposes of a retaliation

claim." *Keeling v. Wetzel*, 2022 WL 19836922, at *6 (M.D. Pa. July 20, 2022), *report and recommendation adopted*, 2022 WL 19837317 (M.D. Pa. Sept. 15, 2022), *aff'd*, 2024 WL 3770307 (3d Cir. Aug. 13, 2024) (additional citations omitted). *See also Verbanik v. Harlos*, 512 Fed. Appx 120, 122 (3d Cir. 2013) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000); *Dillard v. Talamantes*, 2018 WL 1518565, at *11 (M.D. Pa. Mar. 28, 2018) ("Simply moving [an inmate] to a different cell, and failing to allow him to cell with the inmate of his choice in a cleaner, quieter cell, cannot be considered 'adverse actions' sufficient to deter a person of ordinary firmness from exercising his constitutional rights."). And insofar as the asserted injury is the parole denial itself, it is not redressable in this action. The retaliation claim will be dismissed.

E. Fourteenth Amendment

Jackson's due process claim will be dismissed because there is no federal constitutional liberty interest in parole, and Pennsylvania's parole scheme creates none. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979); *Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing general principle that Pennsylvania's parole statute does not create a liberty interest in the right to be paroled)). Because Jackson has no protected liberty interest in release on parole, his procedural due process claim fails. To the extent he asserts a substantive due process claim, a Pennsylvania inmate may challenge a parole denial only where the decision rested on constitutionally impermissible grounds; the Board's stated reasons here are

legitimate penological considerations, and Jackson pleads no facts showing that the Board relied on any impermissible criterion. *Burkett*, 89 F.3d at 139-40.

Jackson's equal protection claim fares no better. He identifies no similarly situated comparator and alleges neither membership in a protected class nor the kind of intentional, irrational differential treatment a "class of one" theory requires. The equal protection claim will be dismissed.

Finally, insofar as Jackson seeks a new parole hearing and release on parole, that relief lies at the core of habeas corpus and is not available in a § 1983 action. *Hayne v. Warden*, 2026 WL 2185715, at *2 (E.D. Pa. July 29, 2026) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). And a § 1983 claim for damages premised on the invalidity of the parole denial is barred unless that denial has first been invalidated, which it has not. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). These aspects of the Fourteenth Amendment claim will also be dismissed.

VI. Leave to Amend

Before dismissing a civil rights complaint filed by a pro se plaintiff, a court ordinarily must permit a curative amendment unless amendment would be inequitable or futile. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 108, 114 (3d Cir. 2002); *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Amendment would be futile as to the official-capacity, due process, equal protection, and habeas-type claims, each of which fails as a matter of law regardless of any additional facts Jackson might allege. As to the remaining claims, Jackson's complete abandonment of the litigation, including his disregard of two orders and an express

warning that dismissal could follow, renders any further opportunity to amend inequitable. Accordingly, the dismissal is with prejudice.

## VII. Conclusion

For the foregoing reasons, Deplatchett's motion to dismiss will be granted, and the Complaint will be dismissed with prejudice. An appropriate order will follow.

DATED this 28th day of August, 2026.

BY THE COURT:

RICHARD A. LANZILLO
CHIEF UNITED STATES MAGISTRATE JUDGE